ATCHISON, TOPEKA & SANTA FE RY. CO. v. SPAULDING.

No. 3904.

United States Court of Appeals, Tenth Circuit.

Nov. 4, 1949.

Gordon F. Rainey, Oklahoma City, Okl., for appellant.

Robert D. Looney, Oklahoma City, Okl., for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Helen Spaulding instituted this action against the Atchison, Topeka and Santa Fe

Railway Company to recover damages for personal injuries and for expenses incurred for medical treatment. The action was tried to the court and resulted in a judgment for plaintiff, and this appeal followed.

The accident out of which this action arose occurred at one of appellant's railroad crossings on Highway Number 77, at a point approximately two miles north of Guthrie, Oklahoma. At that point the highway runs in a northerly and southerly direction and is crossed by appellant's railroad approximately at right angles. At that point appellant has two sets of tracks about fifty feet apart. Appellee's cause of action was predicated on the alleged negligence of the Railway Company in failing to maintain the railroad crossing in proper repairs as required by 66 Oklahoma Statutes 1941, § 128. The grounds urged for reversal are (1) that plaintiff failed to prove by competent evidence a violation of 66 Oklahoma Statutes 1941, § 128, and failed to offer any proof that a defect in the crossing was the proximate cause of the injury; and (2) that plaintiff's evidence as to the defective crossing was contradicted by the physical facts as shown by photographs, whose correctness was not questioned.

Jesse Spaulding testified that he and his wife, the plaintiff, and his daughter were at the time of the accident approaching the crossing from the north in an automobile driven by himself; that he was traveling at about thirty-five miles per hour; that as he came upon the crossing he slowed down; that he crossed the first set of tracks without any difficulty. He testified that he hit what seemed to be "like a well" as he crossed the second set of tracks; that he experienced as hard a jolt as he ever took in an automobile; that his car went out of control and that he could not control the car or turn it back onto the highway, and that as a result the car went into a ditch and turned over.

Emil Hunt, an Oklahoma State Highway Patrolman, testified that he examined this crossing both before and after the accident and that it was in the same condition at both times; that the rails at the crossing on the west side were about 2½ inches below the level of the highway and that the rail

on the west side was much lower and rougher and that it was difficult to hold the steering wheel if you passed over the crossing at a speed of from 45 to 50 miles an hour, and that traveling at that speed, if you did not watch very closely, it would almost jerk the steering wheel out of your hand.

Lewis H. Goodnight, Maintenance Superintendent of the Oklahoma State Highway Department, testified that he knew the condition of this crossing on April 5, 1948; that the rails had settled from two to three inches below the level of the paved highway and that there was a depression between the rails; that he reported the condition of the Railway Company prior to the accident; that the crossing was in such shape that it caused automobiles to bounce as they passed over it. Goodnight also testified that the Highway Department at times had driven nails into the boards between the tracks "to try to nail the boards down so they would be tight and hold down the boards"; that the boards were rotten because the nails would not hold. He testified that he reported this condition in 1945, but that there was no change in the condition of the crossing from that time until April, 1948. He also testified that the Highway Department tried to keep the depression built up with asphalt and rock; that the condition of the road was such that it would give and break loose when a car or truck would go through.

Marion Irwin, an Oklahoma State Highway employee, testified to substantially the same facts as those testified to by Hunt and Goodnight.

 This, in substance, was the testimony offered by plaintiff to sustain her cause of action. We think the evidence is sufficient to warrant the court in finding that the Railway Company negligently failed to keep the crossing in proper repair, and that such negligence was the proximate cause of the injury. Appellant makes the further contention that this evidence is contrary to the undisputed physical facts as revealed by the photographs introduced in evidence. These photographs are not so conclusive, in our opinion, as to warrant a finding that the physical facts revealed thereby contradict this oral testimony. They do not clearly establish that the rails

and the plank crossing were not lower than the paved portion of the highway at the point where it intersects the rails and crossing points. In fact, there is some evidence in these photographs that the crossing was not in good condition and some inferences can be drawn from them that the crossing was defective. It is sufficient, however, to say that they are not of such a nature as to clearly establish that the physical facts contradict the testimony offered by the appellee, the plaintiff below.

As stated, the question was entirely one of fact. The evidence, as in all such cases, was in dispute. It is our conclusion that there is sufficient evidence in the record to support the findings and judgment of the trial court, and the judgment appealed from is, therefore, affirmed.